JAMES G. JOHNSON, SURVIVING PARTNER OF JOHNSON BROTHERS & CO., APPELLANT, *v.* LUCY HAYNES, ADMINISTRATRIX OF NICHOLAS H. HAYNES, DECEASED, JAMES M. SMITH AND MYRON J. MELVIN, RESPONDENTS.

*Constable's bond — when he is not liable for money not actually received — when entitled to use money collected under an execution, to defray expenses of counsel retained by him to protect his levy.*

Certain property was seized by one Haynes, a constable, under an execution for $176.87, issued upon a judgment recovered, by the plaintiff in the present action, in a Justice's Court against one Michaelson. December 13, 1879, Fowler and Lyons commenced an action in this court to replevy the property so seized. In that action Haynes recovered a judgment for the full value of the property, $625, besides costs. Fowler and Lyons appealed therefrom to the Court of Appeals, where the amount of the recovery was reduced to the amount of the execution. Upon the appeal Haynes, and after his death his administratrix, appeared upon the appeal by an attorney, to whom the amount of the judgment, as so reduced, with costs, was subsequently paid. This amount the attorney refused to pay to the administratrix of Haynes, claiming to be entitled to retain it for services rendered upon the appeal. The plaintiff had notice of the appeal and the services therein rendered by the attorney.

In an action against the administratrix and the sureties upon the constable's official bond to recover the amount of the execution:

*Held*, that the complaint was properly dismissed as no breach of the bond was shown.

APPEAL from a judgment, entered in Cortland county upon a decision after a trial at the circuit, before the court without a jury, dismissing plaintiff's complaint.

On the 11th of December, 1879, plaintiff recovered a judgment in a Justice's Court for $176.87 against Lucy A. Michaelson, on which execution was issued and delivered to Nicholas H. Haynes, a constable, who levied upon a stock of millinery goods the property of the judgment debtor, and who took the property into custody the same day. On the 13th of December, 1879, Fowler and Lyons commenced an action in this court and replevied the property from Haynes in the action, and a trial was had and Haynes was awarded the value of the property, to wit, $625, besides costs, and a judgment therefor was entered, from which Fowler and Lyons appealed. Pending the appeal, on the 26th day of November, 1881, Haynes died. Lucy Haynes, his widow, was appointed administratrix of his estate on the 26th of December, 1881, and she was thereafter substituted as defendant in the action, and appeared therein by A. P. Smith, her attorney. That action was taken to the Court of Appeals and the judgment of the court below was modified, limiting the recovery of the defendant to the value of his special interest as constable. It was admitted upon the trial that after the goods were replevined by said Nicholas H. Haynes, as constable, said Haynes never received any of the goods, and never received any money upon the judgment in said action, and that no moneys came into his hands during said litigation, and that no fees as constable were received upon the execution.

It appeared that A. P. Smith acted as attorney for Nicholas H. Haynes, in the action brought by Fowler and Lyons, up to the time of his death, and for Mrs. Haynes, the administratrix, after her substitution in the place of her husband, and that Smith received $176.87 and the interest upon it, and the fees and poundage due to Haynes as constable, and executed a satisfaction of all the judgments that had been recovered against Fowler and Lyons, and that Smith declined to pay over the moneys to Mrs. Haynes, claiming he had a lien upon it for services and disbursements in said action. It appeared that plaintiff's firm had knowledge of the litigation of Fowler and Lyons, and of the services performed in that action by Smith.

In February, 1879, Nicholas H. Haynes, as principal with J. M. Smith, and M. J. Melvin, executed and filed in the town clerk's office their bond conditioned to pay " to each and every person who

may be entitled thereto, all such sums of money as the said Nicholas H. Haynes as constable may become liable to pay on account of any execution which may be delivered to him for collection; and we farther, jointly and severally agree to become liable and pay each and every person for any damages which they may sustain from, or. by any act done by the said Nicholas H. Haynes, or by virtue of the office of such constable." Upon that bond this action is founded and the same is set out in the complaint, and the complaint alleges, viz.: "That on or about the 12th day of March, 1883, the defendant Lucy Haynes, deceased, collected and received upon said execution so issued and delivered to said Nicholas H. Haynes as aforesaid, to the use of this plaintiff the sum of $176.87, and the interest thereon from the 11th day of December, 1879, besides lawful fees and poundage of the said Nicholas H. Haynes, constable as aforesaid." It also appeared that before the commencement of this action and upon the 9th day of March, 1883, the plaintiff demanded the payment of the sum of $176 with interest, of the administratrix and the sureties upon the bond.

*Irving H. Palmer*, for the appellant.

*A. P. Smith*, for the respondents.

HARDIN, P. J.:

We think the complaint in this action stated a cause of action for breach of the bond executed by the constable and his sureties; it was therefore incumbent upon the plaintiff to establish a breach of the bond and damages in consequence thereof, before a recovery could be had in this action under the complaint.

Apparently upon the evidence before us no breach of duty or of the bond was shown to have been committed by Haynes the constable in his lifetime; nor was any breach of the bond shown to have been committed by the administratrix of his estate; no moneys were shown to have been received by him or by his administratrix, belonging to the plaintiff. It was proper for Haynes to employ an attorney to defend the action brought by Fowler and Lyons. It was also proper for the administratrix of Haynes, when she was substituted in his place, to employ an attorney to care for her rights and to defend the appeal which was taken in this action. We think

the attorney was entitled to a lien upon the fruits of the action to secure his services rendered therein. His appearance and defense of that action were known to the present plaintiffs, and it is not a mistake to suppose that they acquiesced in his so conducting the action which was defended by Haynes in an effort to protect the rights of the plaintiffs h erein. Unless the lien of the attorney was satisfied, the administratrix was not entitled to the fruits of the litigation. (Code of Civil Pro., § 66.) We think, under the circumstances of this case, that it was just and equitable that the lien of the attorney upon the moneys received in the Fowler and Lyons suit, should be satisfied from and out of the proceeds of that action before the same were paid to the plaintiff. We think the plaintiff failed upon the trial to show that after satisfying the lien of the attorney, any moneys were in the hands of the attorney or of the administratrix which belonged to the plaintiff. We are therefore of the opinion that the result reached by the Circuit Court was just and equitable, and that no breach of the bond was shown entitling the plaintiff to recover of the administratrix or of the other defendants, who were sureties in the bond given by the deceased constable. These views lead to an affirmance.

Judgment affirmed, with costs.

FOLLETT and VANN, JJ., concurred.

So ordered.